IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ROBERT S. HABER, M.D., 2880 Winthrop Road Shaker Heights, OH  44120 | CASE NO. JUDGE |
| Plaintiff, vs. | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |
| MICHAEL RABIN, M.D. 938 Chestnut Run Gates Mills, OH  44040 and TRANSDERMAL CAP, INC. c/o Mary Ann Rabin 55 Public Square, Suite 1510 Cleveland, OH  44113 Statutory Agent | |
| Defendants. | |

Now comes Plaintiff Robert S. Haber, M.D., by and through counsel, and for his Complaint against Defendants Michael Rabin, M.D. and Transdermal Cap, Inc., states as follows:

**Parties**

1. Robert S. Haber, M.D. (hereinafter "Dr. Haber") is a physician and board certified dermatologist residing and conducting his medical practice in Cuyahoga County, Ohio.

2. Michael Rabin, M.D. (hereinafter "Dr. Rabin") the operator of a business entity incorporated as Transdermal Cap, Inc.  Dr. Rabin resides in Gates Mills, Ohio.

3. Transdermal Cap, Inc. (hereinafter "TCI") is a Delaware corporation with its principal place of business in Cuyahoga County, Ohio.

{5936192:2}

**Jurisdiction and Venue**

4. This court has subject matter jurisdiction over the Lanham Act claim under 15 U.S.C. §1121 and under 28 U.S.C. §1331 because that claim arises under federal law.

5. This court also has subject matter jurisdiction under the Supplemental Jurisdiction Statute, 28 U.S.C. §1367, because the state law claims are so related to the Lanham Act claim, that together the claims are part of the same case or controversy under Article III.

6. This court has personal jurisdiction over Defendants because they reside or have their principal place of business in Ohio and within this judicial district.

7. Venue lies with this court pursuant to 28 U.S.C. §1391(b)(1) and (2).

**Background and Summary of Claims**

8. TCI was incorporated in 2006 by Dr. Rabin in collaboration with Dr. Haber. TCI is engaged in the development and sale of light-based devices for the beauty and health industry, specializing in products for hair restoration.

9. Dr. Haber is internationally recognized for his knowledge and expertise in the field of hair restoration.

10. From the outset of the business, Dr. Rabin and TCI relied upon the knowledge and expertise of Dr. Haber for the development and marketing of the company.

11. TCI entered into a written Consulting Agreement with Dr. Haber whereby he agreed to provide consulting services to TCI in consideration for the issuance of stock in the company and the payment of consulting fees.

12. In reliance on the promises of Dr. Rabin and TCI, Dr. Haber performed the consulting services to the corporation from 2008 to the present.

13. Dr. Rabin and TCI have refused to honor the contract. Despite numerous requests and demands, Dr. Rabin and TCI have refused to issue shares of stock to Dr. Haber or make any payments to him whatsoever.

14. Dr. Rabin and TCI have used Dr. Haber's name and persona to enhance the reputation of TCI and in marketing the TCI products, in particular a patented commercial product sold under the name LaserCap.

15. Dr. Haber consented to the use of his name and persona with the explicit understanding that he would be issued stock in TCI, that he would be paid consulting fees, and that he would be recognized and appointed as president of the company.

16. Dr. Rabin and TCI have failed to fulfill these obligations but have continued to use Dr. Haber's name and persona without authorization and in violation of his rights.

17. TCI is not operated or managed as a corporation but instead is used as a vehicle for the personal gain of Dr. Rabin. Dr. Rabin and TCI have failed and refused to hold shareholder meetings, failed and refused to elect officers and directors, and failed and refused to provide Dr. Haber with access to the books and records of the company.

18. Upon information and belief, Dr. Rabin has used TCI to pay personal expenses and personal benefits to himself. By his actions, Dr. Rabin has prevented TCI from declaring dividends and has deprived Dr. Haber of the benefit of his investment.

19. By his actions, Dr. Rabin has breached his fiduciary duties to Dr. Haber as a minority shareholder in the corporation.

### Count I
(TCI Breach of Contract for Failure to Issue Stock)

20. Plaintiff re-alleges paragraphs 1 through 19 and incorporates them herein by reference.

21. Dr. Haber and TCI entered into a written Consulting Agreement effective April 11, 2007.  A copy of the Consulting Agreement is attached and marked Exhibit A.

22. The Consulting Agreement provides, *inter alia*, that Dr. Haber shall provide consulting services to TCI from the commencement date of the agreement through December 31, 2008 which "shall include assisting the Company, at its direction, in the development of therapy products for the medical treatment of hair loss."

23. In consideration for the services provided by Dr. Haber, TCI agreed to issue shares of common stock to him each quarter until he had been granted a total of 8% of the common shares of TCI which was represented to be 96,000 shares.

24. Dr. Haber performed all consulting duties as required by TCI, thus fulfilling all his contractual obligations pursuant to the Consulting Agreement.

25. TCI has failed and refused to issue shares of stock in the company to Dr. Haber.

26. By its actions, TCI has breached the Consulting Agreement, causing damage to Dr. Haber by depriving him of his ownership rights in the company.

27. As a result of the breach, Dr. Haber has sustained damages in an amount to be determined at trial.

28. As a further result of the breach, a preliminary and permanent injunction should issue compelling TCI to issue a total of 8% of the common shares of TCI which was represented to be 96,000 shares of common stock in the company to Dr. Haber and compelling TCI to provide an accounting of all amounts paid in actual or constructive dividends from 2007 to the present.

**Count II**
(TCI Breach of Contract for Failure to Pay Consulting Fees)

29. Plaintiff re-alleges paragraphs 1 through 28 and incorporates them herein by reference.

30. In consideration for the services provided by Dr. Haber, TCI agreed to pay him at a rate of $125 per hour for all services rendered or a total amount of $250,000.

31. Dr. Haber performed all consulting duties as requested by TCI, thus fulfilling all his contractual obligations pursuant to the Consulting Agreement.

32. In November and December, 2014, the parties modified the terms of the Consulting Agreement in writing to provide that the contract be extended and that TCI pay Dr. Haber the sum of $250,000 unrelated to any financing contingency.

33. Despite demand made upon it, TCI has failed and refused to pay any consulting fees due Dr. Haber.

34. By its actions, TCI has breached the Consulting Agreement, causing damage to Dr. Haber.

35. As a result of the breach, Dr. Haber has sustained damages in an amount of $250,000 plus interest.

### Count III
(Payment of Consulting Fees Based Upon Quantum Meruit)

36. The Plaintiff re-alleges paragraphs 1 through 35 and incorporates them herein by reference.

37. From the period commencing with the inception of the Consulting Agreement in April, 2007 and continuing to the present, Dr. Haber has provided consulting services to TCI. These services have included, *inter alia,* advice regarding marketing and development of TCI's products, introduction of customers to TCI, and professional medical presentations regarding hair restoration for the benefit of TCI.

38. Dr. Haber reasonably expected to be paid for these services and, by their actions, TCI and Dr. Rabin reasonably led him to believe that he would be paid a reasonable amount for his consulting services which extended over more than eight years.

39. TCI has now refused to pay any amounts to Dr. Haber for his services.

40. By its actions, TCI has engaged in inequitable and unjust conduct which can be redressed only by a fair and reasonable payment to Dr. Haber in an amount to be determined at trial.

### Count IV
(Attorney Fees)

41. Plaintiff re-alleges paragraphs 1 through 40 and incorporates them herein by reference.

42. The Consulting Agreement provides that, if any action is necessary to enforce the terms of the agreement, the prevailing party is entitled to reasonable attorney fees, costs and expenses in addition to any other relief to which the prevailing party is entitled.

43. Upon the determination that Dr. Haber is the prevailing party with respect to Counts I, II or III herein, Dr. Haber is entitled to an award of reasonable attorney fees, costs and expenses in this action.

### Count V
(Violation and Misappropriation of Publicity Rights)

44. Plaintiff re-alleges paragraphs 1 through 43 and incorporates them herein by reference.

45. Dr. Haber is an internationally recognized physician in the field of hair restoration.

{5936192:2} 6

46. Having established himself as an internationally known physician and industry personality, Dr. Haber owns strong and enforceable rights of publicity in his name, image, and likeness. TCI has used Dr. Haber's persona for commercial purposes to promote the TCI business and, in particular, its hair restoration product, LaserCap. Dr. Haber consented to this use of his name and persona on the condition and understanding that he would be compensated for his consulting services, that he would be issued stock in the company, and that he would assume the position of president in TCI.

47. To the contrary, TCI has refused to provide any of the agreed benefits to Dr. Haber while at all times using his name and persona for commercial purposes.

48. TCI's unauthorized use and appropriation of Dr. Haber's persona wrongfully violates and misappropriates his statutory and common law rights of publicity under Ohio law.

49. TCI's unauthorized use and appropriation of Dr. Haber's persona has caused, and is continuing to cause, irreparable harm and money damages in an amount to be determined at trial.

**Count VI**
(Unjust Enrichment)

50. Plaintiff re-alleges paragraphs 1 through 49 and incorporates them herein by reference.

51. Through its unlawful activities, as described above, TCI has obtained benefits that rightfully belong to Dr. Haber.

52. TCI has not compensated Dr. Haber for the benefits that it wrongfully obtained, despite justice and equity requiring it to do so.

53. TCI has unjustly enriched itself by obtaining and retaining the ill gotten benefits of its unlawful activities.

54. TCI's receipt and retention of the benefits of its unlawful activities is unjust enrichment.

55. TCI's unjust enrichment has caused, and is continuing to cause, irreparable harm and money damages in an amount to be determined at trial.

## Count VII
(Violations of the Ohio Deceptive Trade Practices Act, R.C. §4165.01 *et seq.*)

56. Plaintiff re-alleges paragraphs 1 through 55 and incorporates them herein by reference.

57. TCI's unlawful activities, as described above, violate Ohio's Deceptive Trade Practices Act.

58. TCI's violations of Ohio's Deceptive Trade Practices Act have damaged Dr. Haber and have caused him irreparable harm, which will continue unless TCI's unlawful conduct is enjoined by this court.

## Count VIII
(Unfair Competition Pursuant to the Lanham Act)

59. Plaintiff re-alleges paragraphs 1 through 58 and incorporates them herein by reference.

60. TCI's unlawful activities, as described above, constitute unfair competition under the applicable common law and under §43(a) of the Lanham Act, 15 U.S.C. §1125(a).

61. TCI's unfair competition has damaged Dr. Haber and caused him irreparable harm, which will continue unless TCI's unlawful conduct is enjoined by this court.

## Count IX
(Breach of Shareholder Rights)

62. Plaintiff re-alleges paragraphs 1 through 61 and incorporates them herein by reference.

63. As a putative shareholder in TCI, Dr. Haber is entitled to receive financial reports at least on an annual basis and is entitled to inspect the books and records of the company, including financial records.

64. TCI and Dr. Rabin have failed and refused to comply with these basic corporate obligations, denying Dr. Haber access to the books and records of the company.

65. As a result, TCI has violated Dr. Haber's statutory rights as a putative shareholder of TCI.

66. Dr. Haber is entitled to a preliminary and permanent injunction compelling TCI to produce the books and records of the company, including its financial records, and to conduct meetings of the corporation at least annually to which he is entitled to attend.

## Count X
(Breach of Fiduciary Duty)

67. Plaintiff re-alleges paragraphs 1 through 66 and incorporates them herein by reference.

68. Dr. Rabin directly or indirectly owns a majority of the issued and outstanding shares of TCI.

69. TCI has 1.2 million issued and outstanding shares of stock. Dr. Rabin owns 720,000 shares of TCI common stock. HRH LLC, an Ohio limited liability company in which Dr. Rabin is the sole member, owns 360,000 shares of TCI.

70. As the majority shareholder of TCI, Dr. Rabin owes fiduciary duties to Dr. Haber as a minority shareholder.

71. Upon information and belief, Dr. Rabin breached his fiduciary duties to Dr. Haber by exercising control of TCI to his own advantage, without providing Dr. Haber with an equal opportunity to benefit.

72. Upon information and belief, Dr. Rabin utilized TCI to pay personal expenses, used corporate property for his personal use, failed to operate the company in a competent business manner, failed to elect officers, and received other personal benefits.

73. By his actions, Dr. Rabin deprived Dr. Haber of the benefits of his investment in the company, including but not limited to the ability to receive reasonable dividends.

74. By virtue of the breach of fiduciary duties by Dr. Rabin owed to Dr. Haber as a minority shareholder, Dr. Haber has been damaged in an amount to be determined at trial.

### Prayer for Relief

WHEREFORE, Dr. Haber prays for judgment against Dr. Rabin and TCI as follows:

(A) Compensatory damages in an amount to be determined at trial;

(B) An accounting and disgorgement of TCI's ill gotten profits;

(C) Attorney fees, costs and expenses of this action;

(D) Pre-judgment and post-judgment interest;

(E) Preliminary and permanent injunction as prayed for in the Complaint; and

(F) Such other and further relief as allowed at law or in equity that the court deems to be appropriate and to which Dr. Haber is entitled.

Respectfully submitted,

*/s/ R. Jeffrey Pollock*
R. Jeffrey Pollock (#0018707)
Beth I. Gillin (#0081210)
MCDONALD HOPKINS LLC
600 Superior Avenue East, Suite 2100
Cleveland, OH  44114
Telephone:  (216) 348-5400
Facsimile:  (216) 348-5474
Email:  jpollock@mcdonaldhopkins.com
           bgillin@mcdonaldhopkins.com
*Counsel for Plaintiff*