UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISON

| | | |
|---|---|---|
| ROBERT S. HABER, M.D., | ) | 1:16CV546 |
| | ) | |
| Plaintiff | ) | MAGISTRATE JUDGE |
| | ) | KENNETH S. McHARGH |
| v. | ) | |
| | ) | |
| MICHAEL RABIN, M.D., *et. al.*, | ) | |
| | ) | MEMORANDUM OPINION & ORDER |
| Defendants. | ) | |
| | ) | |

I.    **INTRODUCTION**

Before the Court is a Motion to Dismiss (doc. 12) filed by Defendants pursuant to Federal

Rules of Civil Procedure 12(b)(1) and 12(b)(6). The Defendants direct their Motion at the

Plaintiff's Complaint (doc. 1) and Amended Complaint (doc. 15). The Court takes the following

facts from the Plaintiff's Amended Complaint and the Defendants' Motion to Dismiss.

A.    **Factual Background**

According to the allegations of the Amended Complaint, Plaintiff ("Dr. Haber") entered

into a written Consulting Agreement[1] (doc. 1-1, Ex. A) with Defendants ("Transdermal Cap, Inc.

(TCI)" and "Dr. Rabin") where Dr. Haber "agreed to provide consulting services" and "allow

TCI to use his name and persona" (doc. 15, Am. Compl. ¶ 11, 14); *see generally* (doc. 1-1, Ex.

A, at [8]). In exchange, TCI agreed to compensate Dr. Haber by issuing him stock in the

company, paying him consulting fees and appointing him as TCI's president. (Am. Compl. ¶ 11,

14); *see generally* (doc. 1-1, Ex. A, at [8-9]).

---

[1] Dr. Haber did not included the Consulting Agreement with his Amended Complaint (doc. # 15), but he
incorporated the Consulting Agreement as part of his original Complaint (doc. # 1).

Dr. Haber claims he performed the consulting services from 2008 through 2014, but Dr. Rabin and TCI allegedly "failed to fulfill the obligations" under the Agreement by refusing to issue stock shares, failing to  pay him the consulting fees and declining to appoint him as TCI's president. (Am. Compl. ¶ 12, 13). Despite Dr. Rabin and TCI allegedly failing to uphold their end of the bargain, Dr. Haber claims that they continue to use his name and persona to enhance TCI products' reputation and to market TCI products. (Am. Compl. ¶ 15).

**B.      Procedural History**

In Dr. Haber's original Complaint against Dr. Rabin and TCI, he brought ten claims, nine of which center on state-law breach of contract theories; however, Count VIII alleges a federal law claim- unfair competition pursuant to the Lanham Act. (Compl. at 8).

Dr. Rabin and TCI subsequently filed a Motion to Dismiss under both Fed.R.Civ.P. 12(b)(1) and (6) alleging that Dr. Haber's complaint fails to set forth sufficient facts for a claim arising under federal law. Specifically, Dr. Rabin and TCI allege that Dr. Haber: 1) acknowledges giving Dr. Rabin and TCI permission to use his persona for marketing their products, 2) does not allege he terminated this authorization, and 3) does not allege any of the five elements comprising a Lanham Act claim. (doc. 12, Mot. Dismiss at 1).  Because Dr. Haber allegedly fails to state a claim under federal law, leaving strictly state-law claims in his complaint with non-diverse parties, Dr. Rabin and TCI request that the Court dismiss his claim for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1).

In response, Dr. Haber filed both an Amended Complaint (doc. 15) and a Brief in Opposition to Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (doc. 16). One of the most pertinent changes is the following paragraph that Dr. Haber added to his

Amended Complaint between Count VII (Breach of Contract) and Count VIII (Unfair Competition and False Advertising Under the Lanham Act):

> Pursuant to Fed.R.Civ.P. 8(d)(2), Plaintiff Haber states the following Claims VIII-X in the alternative in the event that this Court determines that the Marketing Agreement does not exist, is not valid, binding, or enforceable, does not grant TCI any rights to use the name or persona of Dr. Haber, or provides such rights to TCI only if it satisfies certain condition precedents of the Marketing Agreement that were identified in paragraphs 56 through 60 above and that TCI never satisfied, such as appointing Dr. Haber to president of TCI.

Am. Compl. at 9.

Dr. Haber's Amended Complaint contains crucial inconsistencies. In particular, Dr. Haber again acknowledges that he agreed to allow TCI to use his name and persona (Am. Compl. ¶ 14). Also, he still "re-alleges paragraphs 1 through 60 and incorporates them … by reference" into Count VIII (Unfair Advertising Under the Lanham Act) (Am. Compl. ¶ 61), but at the same time alleges that TCI used his name and persona "without … consent or authorization" (Am. Compl. ¶ 63).

In his Brief in Opposition to Defendant's Motion to Dismiss, Dr. Haber argues that he effectively plead the Lanham Act claim in the alternative of his breach of contract claim. (doc. 16, Br. Opp'n at 1). However, Dr. Rabin and TCI contend in their Supplemental Memorandum in Support of the Motion to Dismiss that "[t]he fatal flaw in [Dr. Haber's Complaint] is that the first paragraph to Count VIII, paragraph 61, incorporates all that preceded it, *i.e.* the express consent … authorizing TCI's use of plaintiff's name and persona." (doc. 18, Suppl. Mem. at 4).

## II.   STANDARDS OF REVIEW

### A.   Standard of Review for Fed.R.Civ.P. 12(b)(1): Lack of Subject Matter Jurisdiction

Before addressing the Defendants' motion to dismiss for failure to state a claim, the court must first establish subject matter jurisdiction. *Moir v. Greater Cleveland Reg'l Transp. Auth.,*

895 F.2d 266, 269 (6th Cir. 1990) (citing *Bell v. Hood*, 327 U.S. 678, 682 (1946)). If the court does not have jurisdiction, the motion to dismiss for failure to state a claim is moot. *Id.* at 269.

Under Fed.R.Civ.P. 12(b)(1), a court must dismiss a claim when the court lacks subject matter jurisdiction to hear the claim. Subject matter jurisdiction is determined by 28 U.S.C. § 1331 for federal question cases and 28 U.S.C. § 1332 for diversity cases. The party seeking jurisdiction, Dr. Haber, bears the burden of proving that his claims are properly before the Court. He must carry this burden throughout the entire course of the litigation. *McNutt v. General Motors Acceptance Corp. of Ind.,* 298 U.S. 178, 189 (1936).

A party can bring a facial or factual attack to subject matter jurisdiction. In their Motion to Dismiss, Defendants assert that they are bringing both. A facial attack questions the sufficiency of the pleading itself, while a factual attack challenges the factual existence of subject matter jurisdiction. *U.S. v. Ritchie,* 15 F.3d 592, 598 (6th Cir. 1994). A facial attack questions whether the plaintiff alleged a basis for subject matter jurisdiction, and the court takes the allegations in the Complaint as true. *Cartwright v. Garner*, 751 F.3d 752, 759 (6th Cir. 2014). In a factual attack, the court is at liberty to weigh the evidence and the party asserting jurisdiction must prove that jurisdiction exists. *DLX, Inc. v. Kentucky,* 381 F.3d 511, 516 (6th Cir. 2004).

**B.     Standard of Review for Fed.R.Civ.P. 12(b)(6)**

In order to survive a Motion to Dismiss for Failure to State a Claim under Fed.R.Civ.P. 12(b)(6), the pleadings must satisfy Fed.R.Civ.P. 8(a)(2); "A pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) does not require detailed factual allegations. A party is obligated to provide greater detail than simple labels, conclusions, or recitations of the elements needed for a cause of action. *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007).

The pleading must suggest that the allegation is plausible, not just possible. Yet, the pleadings do not have to demonstrate probability; just enough factual information to create an expectation that discovery will uncover evidence supporting the claim. *Id.* at 556. The pleading must "nudge claims across the line from conceivable to plausible" in order to survive a 12(b)(6) motion. *Id.* at 570. When looking at the allegations for purposes of a motion to dismiss, the Court must accept all claims in the pleadings as true, except legal conclusions. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). The factual allegations cannot be mere conclusory statements.

## III.   LAW AND ANALYSIS

### A.      Defendants' 12(b)(1) Motion

Although the Defendants assert both a facial and factual challenge to subject matter jurisdiction, the Defendants focus on a facial attack. A court faced with a facial attack on subject matter jurisdiction questions the sufficiency of the pleadings itself. The Court must determine whether Dr. Haber sufficiently pled his Lanham Act claim in the alternative to establish a basis for subject matter jurisdiction.

Under Fed.R.Civ.P. 8(d)(3), "[a] party may state as many separate claims or defenses as it has, regardless of consistency." *See also Son v. Coal Equity, Inc.*, 122 F. App'x 797, 802 (6th Cir. 2004) (noting that "the Federal Rules of Civil Procedure permit pleading in the alternative and even the pleading of inconsistent claims") (citing former Fed.R.Civ.P. 8(e)(2)); *Ajuba Intern., L.L.C. v. Saharia*, 871 F. Supp. 2d 671, 688 (E.D. Mich. 2012) ("Under Rule 8, a pleading does not become insufficient by reason of a party having made alternative, or even contradictory, claims.") (quotation marks and citations omitted); *Baumgardener v. Bimbo Food Bakeries Dist., Inc.*, 697 F. Supp. 2d 801, 816 (N.D. Ohio 2010) ("And it is true that Rule 8 explicitly allows a party to plead inconsistent claims.") (citing Fed.R.Civ.P. 8(d)(3)).

5

**1.** **Even Though Rule 8(d)(3) Allows Claims Containing Inconsistent Allegations, Dr. Haber's Alternative Lanham Act Claim is Not Correctly Pled and Does Not Establish Subject Matter Jurisdiction**

Dr. Haber's Lanham Act claim is insufficient to establish subject matter jurisdiction on that basis because he re-incorporates the allegation that he provided Dr. Rabin and TCI with permission to use his persona.

In *Obester v. Lucas Associates, Inc.*, the defendant, Lucas Group, filed a counterclaim against the plaintiff, Obester, alleging unjust enrichment in the alternative to its breach of contract claim, but incorporated by reference the allegation that there is an express contract between the parties. No. 1:08–CV–03491–MHS–AJB, 2010 WL 8292401 at ¶ 21 (N. D. Ga. Aug. 2, 2010). Unjust enrichment applies only when there is no express contract, so the United States District Court for the Northern District of Georgia found that "Lucas Group's claim for unjust enrichment would have been subject to a [12(b)(6)] motion to dismiss if Obester had filed it." *Id.* at ¶ 21; *see also Goldstein v. Home Depot U.S.A., Inc.,* 609 F. Supp. 2d 1340, 1347 (N.D. Ga. 2009) (finding an unjust enrichment claim subject to dismissal because plaintiff incorporated the allegation that he and the defendant entered into a contract).

Here, Dr. Haber pleads the Lanham Act claim in the alternative, but, like in *Obester*, the Lanham Act claim still is not properly pled and is insufficient to establish subject matter jurisdiction. Dr. Haber "re-alleges paragraphs 1 through 60 and incorporates them [into the Lanham Act count] by reference," consequently incorporating paragraph 14, which alleges that "Dr. Haber *agreed to allow TCI to use his name and persona* on condition that he would be recognized and appointed as president of TCI." (doc. 15, Am. Compl. ¶ 61, 14) (emphasis added). By re-incorporating paragraph 14, Dr. Haber alleges that he agreed to allow TCI and Dr. Rabin to use his name and likeness.

As in *Obester*, Dr. Haber's assertion that he allowed Dr. Rabin and TCI to use his persona is inconsistent with his claim under the Lanham Act that Dr. Rabin and TCI's use of his persona would cause consumer confusion. *See Homeowners Group, Inc. v. Home Mktg. Specialists, Inc.,* 931 F.2d 1100, 1107 (6th Cir. 1991) ("[t]he ultimate question remains whether relevant consumers are likely to believe that the products or services offered by the parties are affiliated in some way."). Dr. Haber re-alleges that he provided Dr. Rabin and TCI permission to use his persona, which establishes that Dr. Haber *does* have an affiliation with Dr. Rabin and TCI. This fact negates a claim under the Lanham Act because the Defendants' use of Dr. Haber's persona would not be "false or misleading," therefore nullifying subject matter jurisdiction. *See* 15 U.S.C. § 1125(a)(1).

### 2. Dr. Haber's Claim under the Lanham Act Contain Internal Inconsistencies that Render the Pleading Insufficient to Establish Subject Matter Jurisdiction

Dr. Haber fails to state a claim under the Lanham Act even though he alleges that Dr. Rabin and TCI used his persona without his consent. (Am. Compl. ¶ 63). Because Dr. Haber fails to state a claim under the Lanham Act, the Court does not have subject matter jurisdiction over the lawsuit.

"A court need not feel constrained to accept as truth conflicting pleadings that make no sense, or that would render a claim incoherent, or that are contradicted … by statements in the complaint itself . . ." *Accurate Grading Quality Assur., Inc. v. Thorpe*, No. 12 Civ. 1343(ALC), 2013 WL 1234836 at *8 (S.D. N.Y. Mar. 26, 2013) (citing *In re Livent, Inc. Noteholders Securities Litigation*, 151 F. Supp. 2d 371, 405–406 (S.D.N.Y. 2001) (collecting cases)). When the facts as plaintiff alleges are "so contradictory that doubt is cast upon their plausibility, the court may … dismiss the claim." *Accurate*, 2013 WL 1234836 at *8 (internal quotations omitted) (citing *Shabazz v. Pico*, 994 F. Supp. 460, 468–71 (S.D.N.Y. 1998)).

In *National Western Life Ins. Co. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, National Western's complaint contained specific conflicting facts alleged to establish a cause of action. 175 F. Supp. 2d 489, 492 (S.D.N.Y. 2000). The United States District Court for the Southern District of New York reasoned that Rule 8(e)(2) clearly allows pleading inconsistent theories or statements of a claim, but "there is no authority for the proposition that within a statement of a given claim a party may assert as fact two assertions that directly contradict each other." *Id*. at 492; *but cf. Apodaca v. Allstate Ins. Co.*, No. 06–cv–00952–MSK–MEH, 2007 WL 678625 at *4 (D. Colo. Feb. 28, 2007) (finding dismissal improper when the Plaintiff offered two inconsistent factual positions in two different claims).

In the instant case, Dr. Haber makes contradictory factual assertions. By re-alleging paragraphs 1 through 60 into his Lanham Act claim, Dr. Haber is conceding that he agreed to allow TCI and Dr. Rabin to use his name and persona (Am. Compl. ¶ 14); *see generally* (doc. 1-1, Ex. A, at [8]). Then, Dr. Haber claims that TCI and Dr. Rabin did not have permission to use his name and persona. (Am. Compl. ¶ 63) ("TCI used Dr. Haber's name and persona for commercial purposes to promote TCI business . . . without the consent or authorization of Dr. Haber). The court is unable to accept as true, for the Lanham Act claim, both the assertion that Dr. Haber did and did not give TCI and Dr. Rabin consent to use his persona. Therefore, the Court finds Dr. Haber's Lanham Act claim insufficient to establish subject matter jurisdiction.

Moreover, Dr. Haber's mistake is more than a mere technical error. In *ESI, Inc. v. Coastal Corp.*, the plaintiff incorporated inconsistent allegations into two of its claims. 61 F. Supp. 2d 35, 77 (S.D.N.Y. 1999). The United States District Court for the Southern District of New York noted that "Fed.R.Civ.P. 8(e)(2) expressly permits a plaintiff to set forth alternative and even inconsistent statements of a claim, subject to the obligations set forth in Rule 11." *Id*. at

77 (citing former Fed.R.Civ.P. 8(e)(2)). The court concluded that "[a]lthough ESI should not have directly incorporated the contradictory statements contained in prior claims, this technical error does not require dismissal." *Id*. at 77.

This Court should not afford Dr. Haber the same leniency. The *ESI* court may have regarded the plaintiff's error as technical because the lawsuit involved eleven causes of action and approximately eighteen defendants. With such a large and complicated complaint, a plaintiff could accidentally re-incorporate a contradictory allegation more easily. Here, Dr. Haber's complaint contains ten causes of action, but only one involves federal law. Besides, Dr. Rabin and TCI explicitly pointed out the problem with Dr. Haber's complaint in their motion to dismiss, yet Dr. Haber did not fix the problem in his Amended Complaint. (doc. 12, Mot. Dismiss at 7) ("[F]atal to plaintiff's federal action is that plaintiff acknowledged his consent to having TCI use his (plaintiff's) persona . . ."). Therefore, this Court cannot regard Dr. Haber's mistake as a mere technical error.

In sum, the Defendants' facial attack on subject matter jurisdiction has merit. Dr. Haber's Lanham Act claim is insufficient to establish subject matter jurisdiction because the Lanham Act claim is not properly pled in the alternative and contains contradictory factual allegations.

### B.      Defendants' 12(b)(6) Motion

Following the Courts' dismissal of Dr. Haber's Lanham Act claim under Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction, the Defendants' motion to dismiss for failure to state a claim is moot.

## IV.    <u>CONCLUSION</u>

Dr. Rabin and TCI's Motion to Dismiss (doc. 12) should be granted because Dr. Haber's Lanham Act claim is not properly pled in the alternative and contains contradictory factual

allegations. Therefore, the claim does not establish subject matter jurisdiction. Because Dr.

Haber's Amended Complaint (doc. 15) should be dismissed under 12(b)(1), the Defendants'

12(b)(6) motion is moot.

**V.**     **<u>DECISION</u>**

For the foregoing reasons, the Magistrate Judge finds the Defendants' Motion to Dismiss

(doc. 12) has merit. Accordingly, Dr. Haber's complaint is DISMISSED.

IT IS SO ORDERED.


Date: <u>June 10, 2016</u>                                    /s/ Kenneth S. McHargh
                                                             Kenneth S. McHargh
                                                             United States Magistrate Judge

10